IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHELLY L. KURTA,<br>        Plaintiff,<br><br>        v.<br><br>MICHAEL J. ASTRUE,<br>**Commissioner of the Social Security Administration,**<br>        Defendant. | CIVIL ACTION NO. 07-2026 |

**M E M O R A N D U M   &   O R D E R**

Katz, S.J.                                                                November 1, 2007

Now before the court are Plaintiff's Request for Review (Document No. 6), and Defendant's response thereto (Document No. 9). For the following reasons, the court will deny Plaintiff's motions, affirm the Commissioner's decision, and enter judgment in favor of Defendant and against Plaintiff.

**I. Summary of Facts**

Plaintiff Shelly L. Kurta is a 54 year old woman with a high school education who worked for about 13 years as a school bus driver. (Tr. 26, 338-9.)[1] On January 19, 2005, Plaintiff protectively applied for Social Security Disability Insurance Benefits, claiming disability since June 4, 2004. (Tr. 66, 55-57, 336.) Plaintiff's

---

1. "Tr. ___" references the pages of the administrative transcript filed by Defendant on July 12, 2007 as part of his Answer.

applications were initially denied on June 10, 2005, and on August 8 2005, she requested an administrative hearing. (Tr. 45-49, 43A.) A hearing was held on December 11, 2006 before Administrative Law Judge Diane Moskal (the "ALJ").

In a decision dated February 23, 2007, the ALJ found that Plaintiff was not disabled. (Tr. 26-7.) Plaintiff then filed a timely Request for Review, which was denied by the Appeals Council on April 25, 2007. (Tr. 6-9, 14-15.) This suit followed, seeking review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

**II. Standard of Review**

In reviewing an administrative decision denying social security benefits, the court must uphold any factual determination made by the ALJ that is supported by "substantial evidence, even if [it] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)). While substantial evidence is "more than a mere scintilla," it is not "a large or significant amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal citations and quotations omitted); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation omitted). Rather, it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce*, 487 U.S. at 565. In addition to its substantial evidence review of an ALJ's findings of fact, the

court retains plenary review over the ALJ's application of legal principles. *Krysztoforski v. Chater*, 55 F.3d 857, 858 (3d Cir. 1995).  Thus, even if the ALJ's decision is supported by substantial evidence, the court can overturn that decision if it finds that it was based upon an incorrect legal standard.  *Friedberg v. Schweiker*, 721 F.2d 445, 447 (3d Cir. 1983).

### III.  Discussion

Plaintiff now moves the court to reverse the Commissioner's decision and remand the matter for calculation of benefits due Plaintiff, or, in the alternative, to remand this action to the Commissioner for further proceedings on the grounds that the ALJ's opinion is not supported by substantial evidence and is infected with legal error.

#### A.  The Legal Standard in Social Security Disability Cases

To be considered "disabled" under the Social Security Act, a claimant must demonstrate his inability to engage in any substantial gainful activity because of a medically determinable physical or mental impairment that is expected to result in death or that has lasted or is expected to last for a continuous period of not less than 12 months.  42 U.S.C. § 423(d)(2)(A) (2006); *Stunkard v. Sec'y of Health & Human Servs.*, 841 F.2d 57, 59 (3d Cir. 1988).  In determining whether a claimant is disabled, the ALJ performs a five-step sequential analysis.  20 C.F.R. § 404.1520(a);

*Ramirez v. Barnhart*, 372 F.3d 546, 550–51 (3d Cir. 2004). The ALJ determines: (1) whether the claimant is engaged in "substantial gainful activity;" (2) if not, whether he suffers from a "severe impairment;" (3) if so, whether that impairment meets or equals any of those listed in 20 C.F.R. Part 404, Subpart P Appendix 1; (4) if not, whether, despite the severe impairment, the claimant still can do work he has done in the past (i.e., "past relevant work"); and (5) if not, whether he can do other jobs that exist in significant numbers in the national economy. *Ramirez*, 372 F.3d at 550–51. If the ALJ makes an affirmative finding at steps one, four, or five, or a negative finding at step two, the claimant is found "not disabled;" if the ALJ makes an affirmative finding at step three, or a negative finding at step five, the claimant is found "disabled." 20 C.F.R. § 404.1520(b)–(f). *See also Brown v. Yuckert*, 482, U.S. 137, 140–42 (1987). The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his former occupation. *Dobrowolsky v. Califano*, 606 F.2d 403, 406 (3d Cir. 1979). Once he has done so, the burden shifts to the Commissioner to show the existence of substantial gainful employment he could perform. *Id.*

### B. The ALJ's Decision

In this case, the ALJ found at step one that Plaintiff "has not worked since June 4, 2004. (Tr. 21.) At step two, the ALJ found that Plaintiff suffers from the

4

following severe impairments - namely "degenerative disc disease, asthma, major depressive disorder, and panic disorder with agoraphobia."  (Tr. 21.)  The ALJ found at step three that Plaintiff's impairments do not meet or equal any of those listed in 20 C.F.R. Part 404, Subpart P Appendix 1.  (Tr. 22.)  At step four, the ALJ found that Plaintiff " has the residual functional capacity to perform, at minimum, unskilled light exertion jobs that allow her to stand or sit at her option and are performed in a clean environment," (Tr. 22), but that Plaintiff is "unable to perform any past relevant work" (Tr. 26).  Finally, at step five, the ALJ determined that in light of her residual functional capacity ("RFC"), Plaintiff could perform "jobs that exist in significant numbers in the national economy," including bench assembler, visual inspector, and hand picker.  (Tr. 26-7.)  The ALJ therefore concluded that Plaintiff has not been "disabled" at any time since her alleged onset date, and that she is not entitled to disability insurance benefits or supplemental security income benefits.  (Tr. 27.)

### C.  Plaintiff's Arguments

According to the Plaintiff, the ALJ made three mistakes, specifically, (1) the ALJ failed to accord sufficient weight to the opinion of Plaintiff's treating physician, (2) the ALJ improperly found Plaintiff's subjective complaints not entirely credible, and (3) the ALJ's wrongly characterized the findings of the Administration's consultant psychologist Stephen Rosenfield as finding "no more than moderate

deficits." These errors led to the ALJ to improperly evaluate the medical evidence, and to find at Step 5, that Plaintiff retained the RFC to perform a range of light work, including the jobs identified by the vocational expert. Moreover, Plaintiff also argues the Mr. Rosenfield's check-the-box assessment shown to the vocational expert did not address a crucial finding in Mr. Rosenfield's narrative report. As this court finds that the ALJ's findings are supported by substantial evidence, this court will deny Plaintiff's motion, and affirm the Commissioner's decision.

### 1.  The ALJ did not err by refusing to accord controlling weight to Plaintiff's treating physician's opinion regarding her RFC.

Plaintiff's treating physician, Dr. William Swayser, opined that Plaintiff lacked the ability to engage in any type of work, even sedentary work.[2,3] (Tr. 188-95, 297-306.) The ALJ, however, gave this assessment "little evidentiary weight", and instead concluded that Plaintiff "has the residual functional capacity to perform, at minimum, unskilled light exertion jobs that allow her to stand or sit at her option and

---

[2] Dr. Swayser completed two questionnaires expressing this opinion, one dated January 13, 2006 (Tr. 188-95) and another dated December 19, 2006 (Tr. 299-306). Moreover, Dr. Swayser included a letter with the second questionnaire that read "Again I believe that due to her chronic medical problems, both physical and psychological and the need for medications which caused impairment she is not a candidate for part-time or full-time work at this point." (Tr. 297-8.)

[3] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a) (2007).

are performed in a clean environment."[4]  (Tr. 22.)  Plaintiff argues that the ALJ erred in this regard; the court disagrees.

"Where a treating source's opinion on the nature and severity of a claimant's impairment is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record,' it will be given 'controlling weight.'" *Fargnoli v. Massanari*, 247 F.3d 34, 43 (3d Cir. 2001) (quoting 20 C.F.R. § 404.1527(d)(2)).  The Third Circuit has expounded this principle as follows:

> Where, as here, the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason. The ALJ must consider the medical findings that support a treating physician's opinion that the claimant is disabled.  In choosing to reject the treating physician's assessment, an ALJ may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion.

---

[4] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b) (2007).

*Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (internal citations and quotations omitted).  Where a treating physician's opinion is not given controlling weight, the court considers the following factors in determining what weight to give to the opinion:  (1) the length of the treatment relationship and the frequency of examination, (2) the nature and extent of the treatment relationship, (3) the opinion's supportability, (4) its consistency, (5) whether the physician specializes in the field covered by the opinion, and (6) any other factors which tend to support or contradict the opinion.  20 C.F.R. § 404.1527(d) (2007).

In rejecting the opinion of Plaintiff's treating physician, Dr. Swayser, under this rule, the ALJ relied on (1) Dr. Swayser's sudden change in opinion beginning June of 2004[5] (Tr. 24), (2) the inconsistency between Dr. Swayser's treatment notes and his evaluation of Plaintiff's RFC (Tr. 24), and (3) the lack of support for Dr. Swayser's opinion in the record, including the opinion of the state agency physician, Dr. Ryzar[6] (Tr. 25, 161-8).  Together, this evidence amply justifies

---

[5] The ALJ notes that although Plaintiff's complaint of back pain has been chronic, Plaintiff worked as a school bus driver until June 2004 with Dr. Swayser approval.  The ALJ finds Dr. Swayser's opinion confusing, because Dr. Swayser's actions before June 2004 are not consistent with the extreme limitations and low stress level he reported Plaintiff needed.  Specifically, Dr. Swayser provided plaintiff with a June 9, 2003 note that stated Plaintiff had been given medication so that she could perform her job as a school bus driver.  Moreover, Dr. Swayser also wrote two notes, one on April 2, 2004 and another on May 27, 2004, stating that Plaintiff *could* continue to work as a school bus driver.  (Tr. 24.)

[6] Dr. Ryzar concluded that Plaintiff could perform a full range of medium work, even with her
(continued...)

the ALJ's decision to give Dr. Swayser's opinion "little weight." *See, e.g., Plummer v. Apfel*, 186 F.3d 422, 430–31 (3d Cir. 1999) (relying on an inconsistent report to discredit a treating physician's opinion); *Jones v. Sullivan*, 954 F.2d 125, 128–29 (3d Cir. 1991); *Wright v. Sullivan*, 900 F.2d 675, 683 (3d Cir. 1990); *Newhouse v. Heckler*, 753 F.2d 283, 285–86 (3d Cir. 1985); *Santiago v. Barnhart*, 367 F. Supp. 2d 728, 736 (E.D. Pa. 2005).

The court will uphold the ALJ's findings of fact regarding Plaintiff's RFC, because the ALJ did not err in refusing to give Dr. Swayser's opinion controlling weight.

### 2. The ALJ did not err in finding Plaintiff's subjective complaints not entirely credible.

Plaintiff testified to severe fatigue and drowsiness and anxiety, but the ALJ found that such assertions were not consistent with the treating medical source updates at Exhibits 10F and 11F. (Tr. 25-6.) Plaintiff argues that the ALJ erred in this regard; the court disagrees.

In addition to the objective medical evidence, when assessing the credibility of a claimant's statements, the ALJ must consider (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other

---

(...continued)
degenerative disc disease and asthma. (Tr. 161-8.)

symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the claimant takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the claimant received for relief of pain or other symptoms; (6) any measure other than treatment the claimant uses or has used to relieve pain or other symptoms; and (7) any other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms.  *See* 20 C.F.R. § 404.1529© (2007).

      The ALJ found that Plaintiff drives, lives by herself with pets in a three story house and cleans her own home.  (Tr. 25.)  Moreover, Plaintiff is smoking against medical advice, although her family doctor told her that her legs are weak due to emphysema.  (Tr. 25.)  Moreover, the ALJ found that medical evidence in Exhibits 10F and 11F directly contradicted Plaintiff's testimony that she had not drank since 2005.  (Tr. 26, 321.)  This court finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Pierce*, 487 U.S. at 565.  Hence, there is substantial evidence to support the ALJ's conclusion, and this court must uphold this factual determination as made by the ALJ.

              3.  <u>The ALJ did not err in its characterization of the court psychologist's findings.</u>

The ALJ found that Mr. Rosenfield's evaluation of Plaintiff "found no more than moderate mental deficits." (Tr. 23.) Plaintiff argues that the ALJ erred in this regard; the court disagrees.

Plaintiff highlights that Mr. Rosenfield found Plaintiff's "ability to complete assignments and/or sustain work or work like related activities would appear to be fair to marginal." (Tr. 157.) Plaintiff argues that this finding by Mr. Rosenfield casts serious doubt on the ALJ's determination that Plaintiff retained the mental ability to complete work-related tasks, even simple ones. However, Dr. Rosenfield's comment must not be taken out of context. He also found that Plaintiff's ability to maintain a daily household routine is dependent on her mood, and her ability to sustain her attention long enough to complete tasks like reading a book, watching television or preparing a meal "would appear to be somewhat capable." Moreover, her ability to remember appointments independently "would appear to be capable as well." Thus, there is substantial evidence to support the ALJ's finding that Mr. Rosenfeld's evaluation "found no more than moderate mental deficits."

This court will uphold the ALJ's findings of fact regarding Plaintiff's RFC, because the ALJ did not err in refusing to give Dr. Swayser's opinion controlling weight, in finding Plaintiff's subjective complaints not entirely credible, or in finding that Mr. Rosenfield had found no more than moderate mental deficits. Thus, the

ALJ's assessment of Plaintiff's RFC is supported by substantial evidence, and will not be overturned by this court.

> ### 4.  The ALJ did not err in relying on the vocational expert's testimony, even though the vocational expert was only shown Mr. Rosenfield's check-the-box assessment of Plaintiff.

The ALJ found that based on the vocational expert's testimony, and Plaintiff's age, education, work experience, and RFC, that Plaintiff is "capable of making a successful adjustment to other work that exists in significant numbers in the national economy."  (Tr. 27.)  During his testimony, the vocational expert identified light unskilled jobs that Plaintiff could perform in a clean environment, including bench assembler, visual inspector and hand packer (Tr. 359.)  Plaintiff argues that the ALJ erred in relying on the vocational expert's testimony; the court disagrees.

Plaintiff argues that since the vocational expert was only shown Mr. Rosenfield's check-the-box assessment of Plaintiff, his testimony did not take into consideration Mr. Rosenfield's crucial finding that Plaintiff's "ability to complete assignments and/or sustain work or work like related activities would appear to be fair to marginal."  (Tr. 157.)  However, the finding of Mr. Rosenfield's upon which Plaintiff places so much emphasis does seem to be reflected in the first section of the check-the-box assessment.  (Tr. 159.)  Mr. Rosenfield reports that Plaintiff's ability to understand, remember and carry out instructions is affected by her impairment.

(Tr. 159.)  Moreover, Mr. Rosenfield rated Plaintiff's ability to understand and remember short instructions as slight; to carry out short, simple instructions as slight; to understand and remember detailed instructions as moderate; to carry out detailed instructions as moderate; and to make judgments on simple work-related decisions as slight.  (Tr. 159.)  Thus, the ALJ did not err in relying on the vocational expert's testimony and there is substantial evidence to support the finding that Plaintiff retains the capacity to perform other jobs existing in significant numbers in the local and national economy.

### IV.  Conclusion

Because Plaintiff's arguments fail, and because the ALJ's opinion correctly applies the governing law and is supported by substantial evidence, this court will deny Plaintiff's motions, affirm the Commissioner's decision, and enter judgment in favor of Defendant and against Plaintiff.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SHELLY L. KURTA,**<br>    **Plaintiff,**<br><br>    v.<br><br>**MICHAEL J. ASTRUE,**<br>**Commissioner of the Social Security Administration,**<br>    **Defendant.** | **CIVIL ACTION NO. 07-2026** |

# O R D E R

**AND NOW,** this 1st day of November, 2007, upon consideration of Plaintiff's Request for Review (Document No. 6), and Defendant's response thereto (Document No. 9), it is hereby **ORDERED** that Plaintiff's motions are **DENIED**, and that the Commissioner's decision is **AFFIRMED**.  Judgment is entered in **FAVOR** of Defendant and **AGAINST** Plaintiff.  The Clerk shall mark this action **CLOSED** for statistical purposes.

                                                **BY THE COURT:**

                                                /s/ Marvin Katz
                                                _____
                                                **MARVIN KATZ, S.J.**